CV-11 1488

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MIGUEL MERCEDES on behalf of himself
and all others similarly situated

                Plaintiff,

-against-

ASSET ACCEPTANCE, LLC

                Defendant.
-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 25 2011 ★
LONG ISLAND OFFICE

KORMAN, J.
GO, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Asset Acceptance, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York and resides in this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Wells Fargo.

4. Upon information and belief, the defendant presently owns the debt.

5. Upon information and belief, defendant is a Delaware corporation which maintains an office for collection of debts in Warren, Michigan.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## *Allegations Particular to Miguel Mercedes*

10. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

11. On or about March 3, 2011 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: "We may report information your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630, Warren, MI 48090-1630."

13. Said language gives the consumer false credit information.

14. In order to properly dispute a debt on a credit report, the consumer must dispute the debt with a credit bureau, not with the creditor or collection agency.

15. The defendant has deceived the plaintiff and engaged in misrepresentations.

16. Defendant's letter is in violation of 15 U.S.C. §§ 1692e, 1692e(8) and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

17. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-16 as if set forth fully in this Cause of Action.

18. This cause of action is brought on behalf of plaintiff and the members of a class.

19. The Class consists of consumers who received the same form letter, as did the plaintiff.

20. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about March 3, 2011 sent within one year prior to the date of the within complaint up to and including the date of the filing of the complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt allegedly owed to Wells Fargo; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(8) and 1692e(10).

21. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

22.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23.  If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The defendant's use of the language violates the Fair Debt Collection Practices Act.

26. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 24, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)
Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

# Asset Acceptance, LLC

New York City License No. 1255250

Toll Free 877-850-0053 Ext. 0
PO Box 2036
Warren, MI 48090-2036

March 3, 2011

First Notice

Re: WELLS FARGO/ PREFERRED CUSTOMER
Original Acct #:
Asset Acceptance
Balance Past Due: $2848.67

Dear Miguel Mercedes:

It is our pleasure to welcome you as a new customer of Asset Acceptance, LLC. Your account with the above mentioned creditor has been purchased and is now owned by Asset Acceptance, LLC. In order to insure proper credit for any payments it is necessary that all future payments and inquiries be made to: Asset Acceptance, LLC, PO BOX 2036, Warren, MI 48090-2036.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Christi Wright Phone: 877-850-0053 Ext. 0
Debt Collector
Asset Acceptance, LLC

We may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: P.O. Box 1630 Warren, MI 48090-1630.

See Reverse Side for Important Information Regarding Privacy Policy

ICGASSE01_OS_0328

***Detach Lower Portion and Return with Payment***



PO Box 2039
Warren MI 48090-2039
ADDRESS SERVICE REQUESTED

Asset Acceptance, LLC Acct
Balance Past Due: $2848.67

March 3, 2011

11-2117757-OS_0328      500338068

Miguel Mercedes
29 Port Ln
Staten Island NY 10302-1154

Asset Acceptance, LLC
PO Box 2036
Warren MI 48090-2036

Asset Acceptance, LLC
A DEBT COLLECTION COMPANY
PRIVACY POLICY

Asset Acceptance, LLC recognizes the necessity of keeping our information about you secure and confidential. This policy concerns Customer Information about you, which means personally identifiable information about you and your relationship with Asset Acceptance, LLC. This policy applies to you whether you are a current or former customer of ours, unless and until you receive a new privacy policy from us. This policy is provided to you as required by the Gramm-Leach-Bliley Act, 15 U.S.C. 6801-6810. You may have additional rights under applicable state law.

INFORMATION SECURITY. We restrict access to Customer Information about you to those employees or service providers who need to know that information to service your account(s). We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your Customer Information. Whenever we hire other organizations to provide support services, we will require them to conform to our privacy standards and to allow us to audit them for compliance.

COLLECTING INFORMATION. We obtain Customer Information about you as permitted by law from: applications or other forms you have filled out; your transactions with us, prior owners of your account, our affiliates, or others; and consumer reports (including credit reports). This information includes your name, your address, your social security number, your current and former employers, your payment history and your account balances.

USING INFORMATION IN CONNECTION WITH THE COLLECTION OF DEBT. If we want to use any of the Customer Information we have obtained about you in connection with the collection of debt, we can only communicate that information with your express permission, or with the express permission of a court, or to you, your attorney, the creditor to whom you owe the debt, that creditor's attorney, our own attorney, or as otherwise permitted by the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* and Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.* YOU DO NOT HAVE TO DO ANYTHING IN ORDER TO LIMIT OUR USE AND SHARING OF YOUR CUSTOMER INFORMATION IN CONNECTION WITH THE COLLECTION OF DEBT.

USING INFORMATION FOR OTHER PURPOSES AS PERMITTED BY LAW. If we want to use or share any of the Customer Information we have obtained about you for some purpose other than the collection of debt, we can share that information as permitted by the following laws.

- The Gramm-Leach-Bliley Act allows us to share Customer Information with non-affiliated third parties in certain circumstances such as with companies that provide services to us or that help us administer your account, in connection with the sale of our business assets, and if the sharing is necessary for us to be in compliance with law.

- The Fair Credit Reporting Act allows us to share certain information other than credit report information with debt purchasers affiliated with us.

- The Fair Debt Collection Practices Act allows financial institutions and other businesses to share basic information concerning individuals' locations with each other for limited purposes ("skip-tracing"), and Asset Acceptance, LLC both initiates and responds to skip-tracing requests as permitted by law.